LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MAHMOUD MOHAMED,

    *Plaintiff,*

    -against-

ESS-A-BAGEL INC., ESS-A-BAGEL 1 INC., FLORENCE WILPON, GENE WILPON and AARON WENZELBURG,

    *Defendants.*

---



13 CV 8726

**Class and Collective Complaint**

Case No.

Plaintiff, MAHMOUD MOHAMED ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, ESS-A-BAGEL INC., ESS-A-BAGEL 1 INC., ("Corporate Defendants"), FLORENCE WILPON, GENE WILPON, and AARON WENZELBURG (each individually the "Individual Defendants" and collectively with Corporate Defendants, the "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) statutory penalties, (4) unpaid spread of hours premium, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, MAHMOUD MOHAMED, is a resident of Queens County, New York.

6. The Defendants operate a chain of bagel shops under the trade name "Ess-A-Bagel." Ess-A-Bagel has locations as follows:

    a. 831 3rd Ave., New York, NY 10022 (the "Turtle Bay Location")

    b. 359 1st Ave., New York, NY 10010 (the "Gramercy Location")

7. Corporate Defendants:

    a. ESS-A-BAGEL INC. is a corporation organized under the laws of the State of New York, with a principal executive office, principal place of business, and address for service of process all located at 831 3rd Ave., New York, NY 10022.

2

b. ESS-A-BAGEL 1 INC. is a corporation organized under the laws of the State of New York, with a principal executive office, principal place of business, and address for service of process all located at 359 1st Ave., New York, NY 10010.

8. Individual Defendants:

a. FLORENCE WILPON is the Chief Executive Officer of ESS-A-BAGEL INC. and ESS-A-BAGEL 1 INC. She has addresses for service of process at 831 3rd Ave., New York, NY 10022 and 853 Keene Lane, Woodmere, NY 11598. At all relevant times she has held herself out to be an owner and operator of Ess-A-Bagel.

b. GENE WILPON is a principal of ESS-A-BAGEL INC. and ESS-A-BAGEL 1 INC. At all relevant times he has held himself out to be an owner and operator of Ess-a-Bagel.

c. AARON WENZELBURG is a principal of ESS-A-BAGEL INC. and ESS-A-BAGEL 1 INC. At all relevant times he has held himself out to be an owner and operator of Ess-a-Bagel.

9. The Individual Defendants exercised control over the employment terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class members. Each of the Individual Defendants exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, the FLSA Collective Plaintiffs and the Class members. Each also exercised the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

10. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including delivery persons, food preparers, counter workers, stock workers, dishwashers, porters and bussers, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiff and FLSA Collective Plaintiffs claim that Defendants willfully violated their rights by (i) failing to pay their minimum wages in the lawful amount for hours worked while failing to satisfy the statutory requirements in order to pay the lower tipped minimum wage, and (ii) failing to pay overtime at the statutory rate of one-and-one-half times the proper base hourly rate.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the

FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons, including delivery persons, food preparers, counter workers, stock workers, dishwashers, porters, and bussers employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) Class members.

18. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation; (ii) failing to pay spread of hours premium; (iii) failing to provide proper wage and hour notice to Class members,

at date of hiring and annually, per requirements of the New York Labor Law; (iv) failing to provide wage statements per requirements of the New York Labor Law and (v) failing to pay minimum wage. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate

actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

    d. Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

    e. Whether Defendants satisfied all of the statutory requirements in order to take a tip credit, in particular whether they:

        i. properly provided notice to members of the Class that Defendants were taking a tip credit;

        ii. subjected the Class to an invalid tip-pooling scheme by which managers illegally retained tips;

        iii. took proper amount of tip credit allowance under the New York Labor Law with respect to the Class;

        iv. maintained daily records of tips earned by the Class;

        v. provided notice to members of the Class of the amount of the tip credit allowance claimed to each member of the Class for each pay period; and

        vi. Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workday;

    f. Whether Defendants provided proper wage and hour notice, at date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law;

    g. Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked;

    h. Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law; and

i. Whether Defendants paid Plaintiff and Class members the New York State "spread of hours" premium when their workdays exceeded ten (10) hours.

## STATEMENT OF FACTS

23. In or around August 2011, Plaintiff, MAHMOUD MOHAMED, was hired by Defendants to work for Defendants at the Gramercy Location of Ess-A-Bagel. In or around January 2012, he was transferred to the Turtle Bay Location. Plaintiff MOHAMED was employed by Defendants until February 2012.

24. Plaintiff MAHMOUD'S job duties included those of a baker, stock worker, dishwasher, delivery person, counterperson, and porter. He would engage in each of these duties every day that he worked for Defendants.

25. During his employment by Defendants, Plaintiff Mohamed had a regular weekly work schedule of 7:00 A.M. until 7:00 P.M., seven days per week. At all times, Plaintiff Mohamed was paid a base hourly rate of $4.50 per hour.

26. At all times during his employment by Defendants, Defendants paid Plaintiff at a base hourly rate below the tip credit minimum wage for food service workers, even assuming a valid tip credit allowance. Other FLSA Collective Plaintiffs and Class members were similarly compensated.

27. Plaintiff, FLSA Collective Plaintiffs, and Class members never received any type of notice, written or otherwise, that Defendants were taking a tip credit.

28. At no time did Plaintiff, FLSA Collective Plaintiffs and Class members ever receive any type of wage statement.

29. Plaintiff and Class members did not receive any notice that Defendants were taking a tip credit. In addition, they did not receive any notice as to the amount of tip credit allowance taken

for each payment period during their employment. They were also never informed in writing as to their hourly rate of pay and overtime rate of pay.

30. The only tipped work performed at Ess-A-Bagel was delivery work. As deliveries were limited, no employee engaged in tipped work for more than 80% of their day. In fact, Plaintiff spent no more than 25% of his working time performing tip-related activities.

31. Defendants failed to keep track of the daily amount of tips received by Plaintiff, FLSA Collective Plaintiffs and Class members, and also failed to keep the proper employment records required under the FLSA and NYLL.

32. Due to actions described above, Defendants were not entitled to pay Plaintiff, FLSA Collective Plaintiffs and Class members the tipped minimum wage. Defendants thus unlawfully failed to pay the Plaintiff, the FLSA Collective Plaintiffs, and Class members the Federal and New York State minimum wage for all hours worked.

33. Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and Class members one-and-one-half times New York State and federal minimum wage for hours they worked over 40 in a workweek.

34. Defendants paid Plaintiff, the FLSA Collective Plaintiffs and the Class members, invalid "tip credit" minimum wage, which is less than the federal and New York State minimum wages. Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) exceeded the maximum amount of tip credit allowance that could be claimed under the NYLL, (ii) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (iii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in

violation of the NYLL, and (iv) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL.

35. Defendants failed to properly notify Plaintiff and Class members of their hourly rate of pay and overtime rate of pay, in direct violation of the New York Labor Law. Defendants also failed to provide proper wage and hour notices, at the date of hiring and annually, to all non-exempt employees in violation of the requirements of the New York Labor Law.

36. At no time did Defendants ever give Plaintiff or Class members wage statements with every payment of wages.

37. Defendants failed to pay the New York State "spread of hours" premium to Plaintiff and Class members, even when their workday exceeded ten (10) hours.

38. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiff realleges and reavers Paragraphs 1 through 38 of this class and collective action Complaint as if fully set forth herein.

40. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

41. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs

within the meaning of the FLSA.

42. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

43. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek. This violation was willful in that Defendants knew or should have known that such was due.

44. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. Defendants did not satisfy the statutory requirements for paying the tip credit minimum wage for reasons set forth above. This violation was willful in that Defendants knew or should have known that they had not satisfied the statutory requirements for taking tip credits.

45. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA

Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, and unpaid overtime wages, plus an equal amount as liquidated damages.

49. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

50. Plaintiff realleges and reavers Paragraphs 1 through 49 of this class and collective action Complaint as if fully set forth herein.

51. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

52. Plaintiff and Class members regularly worked more than ten hours in a workday. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay "spread of hours" premium for each day they worked ten or more hours.

53. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

54. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

55. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked. Defendants did not satisfy the statutory requirements for paying the tip credit minimum wage for reasons set forth above. This violation was willful in that Defendants knew or should have known that they had not satisfied the statutory requirements for taking tip credits.

56. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

57. Defendants failed to provide proper wage statements with every payment of wages to Plaintiff and Class members per requirements of the New York Labor Law.

58. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage pursuant to the New York Labor Law;

g. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representative of Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 9, 2013

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: _____
C.K. Lee