IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/15
```

MAHMOUD MOHAMED, on behalf of himself and others similarly situated,

    Plaintiff,

v.

ESS-A-BAGEL INC., et al.,

    Defendants.

No. 13 Civ. 8726

ADEL TARFAIA, et al., on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

ESS-A-BAGEL INC., et al.,

    Defendants.

No. 14 Civ. 1293

[~~PROPOSED~~] ORDER GRANTING IN PART AND DENYING IN PART (1) PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVE SERVICE AWARDS AND RELEASE PAYMENTS; (3) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

The Parties entered into a settlement totaling $700,000 on January 12, 2015 in a Settlement Agreement and Release (hereinafter, collectively with the Amendment to the Joint Stipulation of Settlement and Release dated May 1, 2015, the "Settlement" or "Agreement") and

1

filed for preliminary approval of the settlement on January 15, 2015[1]. Decl. of C.K. Lee in Supp. of Pls.' Mot. for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Lee Decl.") ¶ 15.

On August 4, 2015, this Court entered an Order provisionally certifying the settlement on behalf of the class set forth therein (the "Class" or the "Class Members"), appointing Lee Litigation Group, PLLC and Levy Davis & Maher, LLP as Class Counsel, appointing CPT Group as Settlement Administrator, and authorizing notice to all Class Members (the "Provisional Certification Order").

On November 2, 2015, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"). That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Awards and Release Payments ("Motion for Service Awards and Release Payments"). The motions were unopposed and Defendants did not object to the requests for attorneys' fees, costs, service payments or release payments.

The Court held a fairness hearing on November 17, 2015. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Awards and Release Payments, and the supporting declarations, the oral argument presented at the November 17, 2015 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the November 17, 2015 fairness hearing, and for good cause shown,

---

[1] At the Court's direction, the parties filed supplemental documents in support of their motion for preliminary approval on April 14, 2015, April 30, 2015, July 15, 2015, July 22, 2015 and July 29, 2015.

2

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Provisional Certification Order and in the absence of any objections from Class Members to such certification.

4. Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement [as modified on the record on Nov. 17, 2015] and certifies the collective class under the FLSA.

5. The Court confirms as final the appointment of Plaintiffs Mahmoud Mohamed, Jose Rivera, Adel Tarfaia, Genero Bravo, Juan Perez, Angel Arroyo, and Alberto Vidal as representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6. The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC and Jonathan Bernstein of Levy Davis & Maher, LLP as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7. The Court finds that the Class Notice and Collective Notice given to Class Members pursuant to the Provisional Certification Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

8. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval to

3

the Agreement and finally approves the settlement as set forth therein, as modified and on the record. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. ~~The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.~~

9. The Court finds that the proposed settlement is procedurally fair, as modified, because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation. ~~Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 117 (2d Cir. 2005).~~

10. The settlement is also, as modified, substantively fair. ~~All of the factors set forth in Grinnell, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. City of Detroit v. Grinnell Corp., 495 F.2d 448 (2d Cir. 1974). Therefore,~~ The Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. ~~Grinnell, 495 F.2d at 463.~~

11. The Court also finds that ~~the class's reaction to the settlement was positive.~~ No Class Member objected to the settlement, and only four Class Members of the 135 who received Notice opted out.

12. The Court finds that the proposed plan of allocation is rationally related to the

4

relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

13. The Court hereby grants Plaintiff's Motion for Attorneys' Fees ~~and~~ *to the extent that it* awards Class Counsel ~~$233,333,~~ $165,000, ~~which is one-third of the Settlement Fund~~ which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's *professional performance.* ~~recognized experience and expertise in the market.~~ The Court finds Class Counsel's hourly rates to be reasonable.

14. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $3,199.23[2] which expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

15. In recognition of the services they rendered on behalf of the class, the Court approves and finds reasonable ~~the~~ *Primary* Service Awards *of $1,000* for the Class Representatives ~~as follows:~~ *a* *each* ~~Primary Service Awards of (i) $10,000 to Plaintiff~~ Tarfaia, ~~(ii) $10,0000 to Plaintiff~~ Perez, ~~(iii) $10,000 to Plaintiff~~ Bravo, ~~(iv) $10,000 to Plaintiff~~ Arroyo, ~~(v) $10,0000 to Plaintiff~~ Vidal, (vi) ~~$10,000 to Plaintiff~~ Rivera, and (vii) ~~$10,000 to Plaintiff~~ Mohamed, and Secondary Service Awards of ~~(i) $5,000 to Plaintiff~~ *$2000 each of* Tarfaia, ~~(ii) $5,000 to Plaintiff~~ Perez, ~~(iii) $5,000 to Plaintiff~~ Bravo and ~~(iv) $5,000 to Plaintiff~~ Rivera. The Primary Service Awards ~~are to be paid from the Gross Settlement Fund. The Secondary Service Awards are to be paid from the remainder of the~~ *as set forth in the settlement agreement.*

---

[2] LLG costs incurred total $1,569.54; LDM costs incurred total $1,629.69.

5

~~Net Settlement Fund to the extent such monies are available.~~

16. ~~In exchange for their full release of Defendants from liability,~~ The Court approves and finds reasonable ~~the~~ Release Payments *Primary of $1,000 to each of plaintiffs* ~~to Plaintiffs Tarfaia, Perez, Bravo, Arroyo, Vidal, Rivera, and Mohammed, as set forth in the Settlement Agreement.~~ *and a Secondary Release payment to plaintiff Tarfaia of $2,000.*

17. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $10,500 from the Settlement Fund.

18. ~~The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Defendants.~~

19. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order. *The Clerk shall terminate Dt 58, 61 and 63 and close the case.*

It is so ORDERED this *18* day of *Nov*, 2015.

_____
The Honorable Lewis A. Kaplan
United States District Judge

6